# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2011

No. 11-20171
Summary Calendar

Lyle W. Cayce
Clerk

BRIAN KEITH PAGE,

Plaintiff - Appellant

v.

KEITH F. WARREN, Supervisor; SHANTA KIDD, Unit Supervisor; ALABA OBIRI; MILTON JOHNSON, Assistant Regional Director; LINDA TIERLING, Regional Director,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-332

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Brian Keith Page, a convicted sex offender, was released from prison to mandatory supervision at a halfway house. Page appeals the district court's summary judgment against his claims, brought under 42 U.S.C. § 1983, against officials of the Parole Division of the Texas Department of Criminal Justice ("TDCJ"). Page's claims assert that Defendants-Appellees

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20171
Summary Calendar

denied him due process by imposing various restrictions on his movement without adequate notice or hearing. The district court concluded that Page could not show a liberty interest in the activities limited by the restrictions. We AFFIRM.

We review a summary judgment de novo, applying the same standard as the district court. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010). Summary judgment is appropriate if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

When he was released to the halfway house in January, 2008, Page agreed to various conditions in writing, including electronic monitoring and control of his movements and schedule by TDCJ officials. Page alleges that about three weeks after moving in, he was told that he would have permission to leave only for medical and mental health appointments. Also, he alleges that TDCJ officials added a new requirement that he travel to his appointments in a TDCJ vehicle driven by a parole officer. Since then, TDCJ officials have not gradually reduced the restrictions on Page's movement, as they do for other sex offenders at the halfway house. Page asserts that Defendants-Appellants did not give him notice, an adequate hearing, or any explanation regarding their decisions to impose the new condition and to deny him any additional freedom of movement. Page seeks various remedies, including an injunction relaxing his parole conditions enough that he can seek employment and "make the transition from prison to the community like any other resident who has been released from prison to the [halfway house]."

Federal claims of this kind require that the challenged government decisions infringe on a parolee's liberty interests. U.S. CONST. amend. XIV, § 1, cl. 3; *Jennings v. Owens*, 602 F.3d 652, 657 (5th Cir. 2010). A valid conviction

No. 11-20171
Summary Calendar

extinguishes an offender's interest in being free from confinement during his sentence. *Greenholz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2104 (1979). A due process claim must establish that state or federal law has restored some portion of that interest by establishing particularized criteria that sufficiently limit corrections officials' discretion. *E.g.*, *Vitek v. Jones*, 445 U.S. 480, 488-91, 100 S. Ct. 1254, 1261-62 (1980); *see also Jackson v. Cain*, 864 F.2d 1235, 1250-52 (5th Cir. 1989). Otherwise, the parolee must show that the challenged condition of parole "present[s] such a dramatic departure from the basic conditions of [the] parolee's sentence that the state must provide some procedural protections prior to its imposition." *Coleman v. Dretke*, 395 F.3d 216, 222 (5th Cir. 2004) (internal quotations marks omitted). To meet that standard, the condition must be one that is "qualitatively different from the punishment characteristically suffered by a person convicted of the crime, and which ha[s] stigmatizing consequences." *Id.* at 221 (internal quotation marks, brackets, and citation omitted).

Page points to no law creating a liberty interest in a gradual relaxation of the movement restrictions he agreed to at the beginning of his parole. And none of the challenged conditions qualitatively differs from the restrictive and stigmatizing parole conditions characteristically imposed on sex offenders. Page alleges that Defendants-Appellees imposed the new condition without providing the written statement required by Texas statute. *See* TEX. GOV'T CODE § 508.154(c). But Page "has no federal right to insist that [Texas] follow its own procedural rules." *Jackson*, 864 F.2d at 1252.

The district court's judgment is AFFIRMED.